**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margina Marie Lopez,       ) | No. CV 12-178-PHX-RCB (LOA) |
| Plaintiff,        ) | **ORDER TO SHOW CAUSE** |
| vs.             ) | |
| John Kinton, et al.,       ) | |
| Defendants.         ) | |

Plaintiff Margina Marie Lopez, who was formerly confined in the Arizona State Prison Complex-Perryville, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 13, 2012 Order, the Court denied the Application to Proceed with leave to refile. On March 15, 2012, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 6). On April 2, 2012, Plaintiff filed a Notice of Change of Address (Doc. 8) indicating she is no longer in custody. The Court will require Plaintiff to either pay the filing fee or show good cause why she cannot pay.

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Plaintiff brought this civil action while she was still a prisoner, she will be required to pay the full amount of the $350.00 filing fee even though

**JDDL**

1 she is now released.  See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the
2 [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*] civil actions must
3 pay the full amount of the filing fee.")

4       If Plaintiff were still a prisoner, the Court would order Plaintiff's custodian to
5 periodically withdraw funds from Plaintiff's inmate account according to the statutory
6 formula in 28 U.S.C. § 1915(b)(2) until the filing fee was paid in full.  However, because
7 Plaintiff is no longer in custody, and therefore does not have a prison account, she cannot
8 avail herself of the partial payment provisions of 28 U.S.C. § 1915(b)(1), (2).  The statute
9 makes no other provision for incremental collection of the fee.  Therefore, Plaintiff must now
10 pay the filing fee in full.

11       Plaintiff will be given 30 days from the date this Order is file to either pay the $350.00
12 filing fee or file a "Response" to this Order.  Plaintiff's Response must state the date of her
13 release and must either promise to pay the $350.00 filing fee within 120 days from the date
14 of her release **or** show good cause why she cannot pay the filing fee.  Plaintiff's Response
15 must be made under penalty of perjury.  See 28 U.S.C. § 1746 (oath requirement may be
16 satisfied when a person declares under penalty of perjury that the submission is true and
17 correct and signs and dates the document).

18       Plaintiff is advised that even after she pays the filing fee, the Court is required to
19 screen complaints brought by prisoners seeking relief against a governmental entity or an
20 officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must
21 dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally
22 frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek
23 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),
24 (2).

25       If Plaintiff fails to timely comply with every provision of this Order, the Court may
26 dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
27 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order
28 of the Court).

JDDL

- 2 -

1 **IT IS ORDERED:**

2     (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted.**

3     (2)    Within **30 days** from the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a Response as described above.

5     (3)    If Plaintiff fails to pay the filing fee **or** file a Response to this Order within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.

DATED this 7th day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

JDDL

- 3 -